UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff/Respondent,

          CASE NO. 95-CR-80225
v.                        06-CV-10034-DT
          JUDGE PAUL D. BORMAN
OTIS PARIS,          MAGISTRATE JUDGE PAUL J. KOMIVES

    Defendant/Movant.
                               /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should conclude that defendant's motion to vacate his sentence is a successive motion, and should transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 2255 para. 8, and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

II.    REPORT:

A.    *Procedural Background*

Defendant/movant Otis Paris is a federal prisoner, currently confined at the Federal Correctional Institution in Lisbon, Ohio. On May 10, 1995, a federal grand jury in this Court returned a four count indictment against defendant and co-defendant William Holmes. Defendant was charged with: conspiracy to distribute and to possess with intent to distribute crack cocaine, 21 U.S.C. §§ 841, 846 (Count I); two counts of distribution of crack cocaine and aiding and abetting the distribution of crack cocaine, 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts II and III); and attempted distribution of crack cocaine and aiding and abetting the attempted distribution of crack cocaine, 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 2 (Count IV). *See* Indictment dated 5/10/95 (docket entry #3). Defendant was tried before a jury, which returned a verdict of guilty on all four counts on February 1, 1996. *See* Tr.

of Jury Trial, 2/1/96, at 403-04.[1]  On March 18, 1996, defendant filed a motion for new trial pursuant to FED. R. CRIM. P. 33, arguing that the evidence was insufficient to sustain his conviction and that he was denied his right to compulsory process.  *See* Mot. for New Trial (docket entry #45).  The Court denied this motion on April 17, 1996.  *See* Order dated 4/17/96 (docket entry #47).  On May 9, 1996, defendant filed a motion to vacate his sentence, presumably pursuant to 28 U.S.C. § 2255, alleging that his trial counsel rendered constitutionally inadequate assistance.  *See* Mot. to Vacate Conviction (docket entry #49).  The Court denied this motion on June 10, 1996, concluding that trial counsel was not ineffective.  *See* Order dated 6/10/96 (docket entry #52).  Defendant appeared for sentencing on June 17, 1996.  The Court determined that defendant's guideline sentence range was 210-262 months, and sentenced defendant to a term of 210 months imprisonment on each count to be served concurrently, as well as to a five-year term of supervised release.  *See* Tr. of Sentence, at 19-20.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, raising four claims: (1) the Court's supplemental instruction to the jury impermissibly permitted the jury to consider "other acts" evidence in violation of FED. R. EVID. 404(b); (2) defendant was denied effective assistance of counsel at sentencing; (3) the Court improperly sentenced him under the provisions of the United States Sentencing Guidelines (U.S.S.G.) applicable to crack cocaine; and (4) application of the crack cocaine guidelines was unconstitutional.  *See United States v. Paris*, No. 96-1997, 1998 WL 211741, at *1 (6th Cir. 1998).  The Sixth Circuit affirmed defendant's conviction.  Specifically, the court found that defendant had waived his instructional error claim by failing to object, and thus the claim was reviewable only for "plain error."  The court held

---

[1] Co-defendant Holmes pleaded guilty to Count I of the indictment and testified against defendant at trial.  *See* Rule 11 Plea Agreement dated 12/11/95 (docket entry #24); Tr. of Jury Trial, 1/31/96, at 235-306.

that the instruction did not constitute plain error because the evidence considered by the jury was part of a continuing pattern of illegal activity, and thus not "other acts" evidence under Rule 404(b). *See id*. at *4. The court also concluded that application of the crack cocaine guidelines was both appropriate and constitutional. *See id*. at *5.[2] Finally, the court declined to rule on defendant's ineffective assistance of counsel claim, concluding that the claim was more properly raised in a motion to vacate under § 2255. *See id*. at *5. Defendant filed a petition for a writ of *certiorari* in the United States Supreme Court, which was denied on October 5, 1998. *See Paris v. United States*, 525 U.S. 901 (1998).

On October 5, 1999, defendant, represented by counsel, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Defendant initially raised one claim: ineffective assistance of counsel at sentencing. He argued that counsel was burdened with an actual conflict of interest, which prevented counsel from filing any written objections to the presentence report, and prevented counsel from objecting to: (1) the application of the crack cocaine guidelines; (2) acts of sentencing entrapment by the government; and (3) the constitutionality of the crack cocaine guidelines. The government filed a response on January 6, 2000, and defendant, again through counsel, filed a reply on January 18, 2000. On February 16, 2000, defendant filed a *pro se* supplement to the § 2255 motion filed by his counsel. In this supplement, defendant raised five additional claims: (1) violation of his right to a speedy trial; (2) jurisdictionally defective indictment; (3) lack of probable cause for his arrest; (4) insufficient evidence to sustain the conviction; and (5)

---

[2] More specifically, the court concluded that defendant had waived any challenge to the determination that the substance involved was crack cocaine by his failure to object to that determination at sentencing. However, the court left open the issue of whether this failure to object constituted ineffective assistance of counsel for resolution in a § 2255 proceeding. *See Paris*, 1998 WL 211741, at *5 n.3.

prosecutorial misconduct. The government filed a response to defendant's *pro se* supplement on March 27, 2000, and defendant filed a *pro se* reply on April 13, 2000. In light of defendant's reply his counsel, Penny Beardslee of the Federal Defender Office, who had represented petitioner on direct appeal, requested permission to withdraw. I granted counsel's request on April 25, 2000, and on May 24, 2000, I appointed Joan Ellerbusch Morgan to represent defendant. On June 23, 2000, substitute counsel filed a supplemental petition, reasserting defendant's original claims raised both by Ms. Beardslee and by defendant *pro se*.

On October 7, 1999, the Court referred the motion to me for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On July 12, 2000, I entered a Report recommending that the Court deny defendant's § 2255 motion. The Court accepted my recommendation and denied defendant's motion on August 28, 2000. Because petitioner's counsel did not receive a copy of the Court's order and therefore could not file a timely appeal of the Court's decision, the Court reissued its Order accepting my Report and denying defendant's motion on February 12, 2002. Defendant then filed an application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) and FED. R. APP. P. 22(b). Defendant's application was denied by this Court on April 12, 2002, and by the Sixth Circuit on September 4, 2002. *See Paris v. United States*, No. 02-1253 (6th Cir. Sept. 4, 2002). The Supreme Court subsequently denied certiorari. *See Paris v. United States*, 537 U.S. 1176 (2003).

On October 11, 2002, petitioner, proceeding *pro se*, filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(6), arguing that he was entitled to relief from the Court's judgment on his § 2255 motion because the Court did not consider one of his ineffective assistance of counsel claims, relating to counsel's failure to file a motion to suppress prior to trial, and because the Court erroneously declined to apply the "presumed prejudice" standard of *United States v. Cronic*, 466 U.S.

648 (1984), to his ineffective assistance of counsel claims. The government filed a response to defendant's motion on November 18, 2002. On December 17, 2002, I filed a Report recommending that petitioner's motion for relief from judgment by construed as a second § 2255 motion, and therefore that the motion be transferred to the Sixth Circuit. The Court accepted my recommendation and transferred the matter to the Sixth Circuit on January 27, 2003. The Sixth Circuit denied defendant permission to file a second § 2255 motion on June 18, 2003.

On January 6, 2006, defendant filed this third motion to vacate his sentence pursuant to § 2255. In the instant motion, petitioner contends that his sentence is unconstitutional under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 461 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). For the reasons that follow, the Court should transfer petitioner's motion to the Sixth Circuit.

B.   *Analysis*

In 1996, Congress enacted the Antiterrrorism and Effective Death Penalty Act (AEDPA), which amended various provisions of the federal habeas corpus statutes. As relevant here, the AEDPA enacted strong restrictions on a petitioner's ability to file a second or successive application for habeas corpus relief. Specifically, Congress amended 28 U.S.C. § 2244 to provide, in relevant part, that (a) a claim presented in a second or successive petition that was presented in a previous petition shall be dismissed, *see* 28 U.S.C. § 2244(b)(1); and (b) a claim presented in a second or successive petition which was not presented in a previous application shall be dismissed unless the claim is based on a new rule of law or previously undiscoverable facts, *see* 28 U.S.C. § 2244(b)(2). Importantly, the statute now also requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). These

provisions apply equally to motions to vacate federal conviction under § 2255. *See* 28 U.S.C. § 2255 para. 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"). If a habeas petitioner (or movant in a § 2255 case) files a second or successive petition (or motion) in the district court, the district court should transfer the matter to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

There can be no question that defendant's § 2255 motion is a successive motion. He previously filed a § 2255 motion challenging this conviction, and that motion was adjudicated on the merits. Further, he filed a motion for relief from judgment under Rule 60(b) that was treated as a successive motion by both this Court and the Sixth Circuit. Although defendant contends that his motion is based on a new rule of constitutional law and thus permissible under § 2255 para. 8(2), that determination must, in the first instant, be made by the Sixth Circuit. Accordingly, pursuant to § 2244(b)(3), § 2255 para. 8, and *In re Sims*, 111 F.3d 45 (6th Cir. 1997), the Court should transfer this case to the United States Court of Appeals for the Sixth Circuit.

C.   *Conclusion*

In view of the foregoing, the Court should conclude that defendant's motion to vacate his sentence is a successive motion under § 2255, and should transfer the motion to the Sixth Circuit.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Serves.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Serves.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/21/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 21, 2006.
>
> s/Eddrey Butts
> Case Manager