UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/respondent,

                                    CASE NO. 95-80225
v.                                    JUDGE PAUL D. BORMAN
                                    MAGISTRATE JUDGE PAUL KOMIVES

OTIS PARIS,

    Defendant/movant.
_____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny defendant's motion for modification of his term of imprisonment.

II.    REPORT:

A.    *Procedural Background*

Defendant/movant Otis Paris is a federal prisoner, currently confined at the Federal Correctional Institution in Lisbon, Ohio. On May 10, 1995, a federal grand jury in this Court returned a four count indictment against defendant and co-defendant William Holmes. Defendant was charged with: conspiracy to distribute and to possess with intent to distribute crack cocaine, 21 U.S.C. §§ 841, 846 (Count I); two counts of distribution of crack cocaine and aiding and abetting the distribution of crack cocaine, 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts II and III); and attempted distribution of crack cocaine and aiding and abetting the attempted distribution of crack cocaine, 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 2 (Count IV). *See* Indictment dated 5/10/95 (docket entry #3). Defendant was tried before a jury, which returned a verdict of guilty on all four counts

1

on February 1, 1996. *See* Tr. of Jury Trial, 2/1/96, at 403-04.[1] On March 18, 1996, defendant filed a motion for new trial pursuant to FED. R. CRIM. P. 33, arguing that the evidence was insufficient to sustain his conviction and that he was denied his right to compulsory process. *See* Mot. for New Trial (docket entry #45). The Court denied this motion on April 17, 1996. *See* Order dated 4/17/96 (docket entry #47).

On May 9, 1996, defendant filed a motion to vacate his sentence, presumably pursuant to 28 U.S.C. § 2255, alleging that his trial counsel rendered constitutionally inadequate assistance. *See* Mot. to Vacate Conviction (docket entry #49). The Court denied this motion on June 10, 1996, concluding that trial counsel was not ineffective. *See* Order dated 6/10/96 (docket entry #52). Defendant appeared for sentencing on June 17, 1996. The Court determined that defendant's guideline sentence range was 210-262 months, and sentenced defendant to a term of 210 months imprisonment on each count to be served concurrently, as well as to a five-year term of supervised release. *See* Tr. of Sentence, at 19-20.

Defendant appealed his conviction and sentence and has filed several post-conviction motions in this Court. Currently before the Court is defendant's motion for a modification of the term of imprisonment filed on June 18, 2007. Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B)(2), based on a change in the United States Sentencing Guideline which established his base offense level. At the time defendant filed his motion, this amendment had been proposed by the Sentencing Commission and submitted to Congress, but had not yet become effective. It has since become effective. The Government filed a response on July 5, 2007, arguing

---

[1] Co-defendant Holmes pleaded guilty to Count I of the indictment and testified against defendant at trial. *See* Rule 11 Plea Agreement dated 12/11/95 (docket entry #24); Tr. of Jury Trial, 1/31/96, at 235-306.

that defendant's motion is premature. For the reasons that follow, the Court should deny defendant's motion without prejudice to him refiling the motion if the Sentencing Commission makes the applicable amendment retroactive.

B.   *Analysis*

Defendant seeks to take advantage of a recent amendment to the United States Sentencing Guidelines which alters the base offense for the crime for which he was convicted. Amendment 706, effective November 1, 2007, addresses the much maligned 100:1 crack to powder cocaine ratio as an interim measure until further legislative change by Congress. Although the amendment leaves in place the 100:1 ratio established by statute for the mandatory minimum, it adjusts the base offense level for crack cocaine offenses not affected by the mandatory minimum. Specifically, as relevant here, Amendment 706 amends U.S.S.G. § 2D1.1(c)(1) to provide a base offense level of 38 for offenses involving more than 4.5 kilograms of cocaine base, as opposed to the previous guideline which provided for a base offense level of 38 for offenses involving more than 1.5 kilograms of cocaine base. The remaining subsections of U.S.S.G. § 2D1.1(c) have been adjusted accordingly, as reflected in the following chart:

| Quantity Cocaine Base | New Base Offense Level | Old Base Offense Level |
| --- | --- | --- |
| 4.5 kg or more | 38 | 38 |
| 1.5kg to less than 4.5 kg | 36 | 38 |
| 500 g to less than 1.5 kg | 34 | 36 |
| 150 g to less than 500 g | 32 | 34 |
| 50 g to less than 150 g | 30 | 32 |
| 35 g to less than 50 g | 28 | 30 |
| 20 g to less than 35 g | 26 | 28 |

| | | |
|---|---|---|
| 5 g to less than 20 g | 24 | 26 |
| 4 g to less than 5 g | 22 | 24 |
| 3 g to less than 4 g | 20 | 22 |
| 2 g to less than 3 g | 18 | 20 |
| 1 g to less than 2 g | 16 | 18 |
| 500 mg to less than 1 g | 14 | 16 |
| less than 500 mg | 12 | 14 |

*See* Amendment 706, U.S.S.G., Appx. C, at 226-30 (Supp. 2007) (official version available online at www.ussc.gov/2007guid/appc2007.pdf). The upshot is that, had this amended version of U.S.S.G. § 2D1.1(c) been applicable at the time of defendant's sentencing, his base offense level would have been two points lower, possibly resulting in a lower sentence.

Defendant seeks to have the amended version of § 2D1.1(c) applied to him, and to have his sentence modified accordingly, pursuant to 18 U.S.C. § 3582. This statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that–
> . . . .
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added); *see also*, 28 U.S.C. § 994(u).

As the emphasized portion indicates, retroactive application of an amendment depends upon the policy statements issued by the Sentencing Commission. The Commission's policy statement regarding retroactivity is set forth in U.S.S.G. § 1B1.10. In relevant part, this Guideline provides:

> Where a defendant is serving a term of imprisonment, and the guideline range

4

> applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a). In other words, "an amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while amendments not listed are not to be applied retroactively." *United States v. Jones*, 96 Fed. Appx. 976, 978 (6th Cir. 2004); *see also*, *United States v. Dullen*, 15 F.3d 68, 69-71 (6th Cir. 1994).

Guideline § 1B.10(c) lists 25 separate amendments which are to be given retroactive effect under § 3582(c)(2). Amendment 706, the one which defendant seeks to take advantage of, is not listed among these amendments, and none of the recently enacted amendments amends § 1B1.10(c) to add Amendment 706. Indeed, the Commission is currently receiving public comment on whether to make Amendment 706 retroactive. *See* United States Sentencing Commission, at [www.ussc.gov.](www.ussc.gov.) Until the Commission determines that Amendment 706 should be applied retroactively and amends § 1B1.10(c) accordingly, however, it does not provide a basis for modifying defendant's sentence under § 3582(c)(2). *See Jones*, 96 Fed. Appx. at 978; *Dullen*, 15 F.3d at 69-71. Accordingly, the Court should conclude that defendant is not entitled to a modification of his sentence.

In his motion, defendant also references 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). However, under the plain language of that provision, the Court may reduce a sentence on this basis only "upon motion of the Director of the Bureau of Prisons." *Id*. Because the Director of the Bureau of Prisons has not moved for a reduction of defendant's sentence, the Court may not grant one pursuant to § 3582(c)(1)(A). *See Engle v. United States*, 26 Fed. Appx. 394, 397

5

(6th Cir. 2001); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005).

Finally, in his brief defendant raises several miscellaneous challenges to his sentence, mostly related to *United States v. Booker*, 543 U.S. 220 (2005) and his argument that no Guideline expressly covered his offense. These are the types of claim governed by 28 U.S.C. § 2255, and were the Court to grant relief on these claims it would have to do so on the authority of that provision. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). Regardless of the merits of defendant's claims, and regardless of whether the claims are timely, *see* 28 U.S.C. § 2255 para. 6 (establishing one-year statute of limitations), defendant has previously filed a § 2255 motion in this Court. Accordingly, he may not again seek § 2255 relief without first obtaining from the United States Court of Appeals for the Sixth Circuit authorization to file a successive motion. *See* 28 U.S.C. § 2255 para. 8; *id*. § 2244(b). Accordingly, the Court should conclude that defendant is not entitled to relief on these additional arguments.

C.  *Conclusion*

In view of the foregoing, the Court should deny defendant's motion for modification of his sentence. This denial should be without prejudice to defendant refiling his motion for modification based on Amendment 706 if the Commission subsequently determines that Amendment 706 should be retroactive, and without prejudice to defendant refiling his other arguments attacking his sentence if he obtains authorization from the Sixth Circuit to file a successive motion under § 2255.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

6

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

    s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: November 28, 2007

I hereby certify that a copy of the foregoing document was mailed to defendant and counsel of record on this date, November 28, 2007, by electronic and/or ordinary mail.

    s/Diane Opalewski
Deputy Clerk